IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) | |
| Plaintiff/Stakeholder, | ) ) | CIVIL ACTION |
| v. | ) ) | No.: 3:09-cv-624-JPG-CJP |
| CYNETHIA L. DENT, CYNTHIA KYE AND CYNETHIA KYE, | ) ) ) ) | |
| Defendants/Claimants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendant Cynethia L. Dent to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (Doc. 8). Plaintiff Sun Life Assurance Company of Canada ("Sun Life") has responded to the motion (Doc. 12).

This is an interpleader action in which Sun Life asks the Court to decide which defendant or defendants are entitled to $28,000 in life insurance benefits it admits are payable under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Defendant Dent asks the Court to dismiss this case because it does not adequately plead interpleader under 28 U.S.C. § 1335, also known as "statutory interpleader," in that it fails to allege that two or more claimants are of diverse citizenship. Sun Life responds that this interpleader action is not brought pursuant to 28 U.S.C. § 1335 but instead is brought under Federal Rule of Civil Procedure 22, also known as "rule interpleader." It contends that rule interpleader is sufficient so long as there is an independent jurisdictional basis for the claim, which in this case is § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

Dent is correct that this case does not satisfy the requirements for statutory interpleader. However, Sun Life is also correct that it does not need to satisfy those requirements if it can rely on an independent basis for federal jurisdiction – here, a federal question under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) – and Rule 22.  *See American Family Mut. Ins. Co. v. Roche*, 830 F. Supp. 1241, 1244 n. 2 (E.D. Wis. 1993), *see, e.g., Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558, 561 (7th Cir. 2002).  Because Sun Life has satisfied the requirements of Rule 22 and the Court has federal question jurisdiction over this case, dismissal is inappropriate.

For this reason, the Court **DENIES** Dent's motion to dismiss (Doc. 8).

**IT IS SO ORDERED.**
**DATED: November 18, 2009**

                                       s/ J. Phil Gilbert
                                       **United States District Judge J. Phil Gilbert**